# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| CRYSTAL L. COX,<br><br>        Plaintiff,<br><br>vs.<br><br>DAVID CARR, *et al.*,<br><br>        Defendants. | Case No. 2:13-cv-00938-APG-GWF<br><br>**ORDER**<br><br>Petition to Proceed in Forma Pauperis (#1); Motion to File Electronically (#3); Motion to Transfer (#7) |

      This matter comes before the Court on Plaintiff Crystal L. Cox's ("Plaintiff") Application to Proceed in Forma Pauperis (#1), filed on May 14, 2013. This matter also comes before the Court on Plaintiff's Motion to File Electronically (#3), filed on May 14, 2013, and Motion to Move Case Back to New York (#7), filed on June 3, 2013.

## BACKGROUND

      Plaintiff initiated this action in the Southern District of New York ("SDNY") against various defendants, including media outlets, District Judge Gloria Navarro, and adversaries in previous litigations. Plaintiff's Complaint (#2) alleges nearly a dozen claims, including defamation, copyright infringement, civil conspiracy, negligence, and violation of antitrust laws. SDNY transferred this case to this District on May 17, 2013, finding that SDNY was not the proper venue. *See Transfer Order, Doc. #5*. In the Transfer Order, SDNY ruled that whether Plaintiff "should be permitted to proceed further without payment of fees is a determination to be made" by this Court. *Id.* at 5.

...

...

**DISCUSSION**

### I.    Application to Proceed In Forma Pauperis

Title 28 of the United States Code section 1915(a) provides that a Court may authorize the commencement of an action without prepayment of fees if a plaintiff "submits an affidavit that includes a statement of all assets such [plaintiff] possesses" and shows plaintiff "is unable to pay such fees or give security therefor." Local Rule of Special Proceedings 1-1 requires that the application to proceed *in forma pauperis* be made "on the form provided by the Court." Here, Plaintiff initiated this action in SDNY and thus did not use the District of Nevada's required form. Further, Plaintiff failed to sign the affidavit attached to the Application under penalty of perjury. *See Baltierra v. U.S. Dep't of Educ.*, No. 99CV768 JM(POR), 2001 WL 1480297 (S.D. Cal. Oct. 1, 2001) (denying the plaintiffs' applications to proceed *in forma pauperis* because they failed to comply with the requirements of 28 U.S.C. § 1915 by not signing under penalty of perjury). The Court is therefore unable to determine whether Plaintiff is eligible to proceed *in forma paueris*, and will deny her Application without prejudice.

### II.    Motion for Electronic Filing

Plaintiff seeks leave to file documents electronically in this case. The Court will allow Plaintiff to file future documents electronically only after Plaintiff has demonstrated a basic understanding and familiarity with the CM/ECF filing system as set forth below.

### III.    Motion to Transfer

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). In order that the case "might have been brought" in the proposed transferee district, the court there must have subject matter jurisdiction and proper venue, and the defendant must be amenable to service of process issued by that court. *Horowitz v. Southwest Forest Indus., Inc.*, 612 F.Supp. 179, 181 (D.Nev.1985). The burden of establishing that an action should be transferred is on the moving party. *Cambridge Filter Corp. v. International Filter Co.,* 548 F.Supp. 1308, 1310 (D.Nev.1982). The convenience of and accessibility of witnesses is of considerable importance. *Horowitz*, 612 F.Supp. at 182.   Consideration must be given to both the defendant's

and the plaintiff's contacts with the chosen forum, especially those relating to the cause of action. *Pacific Car and Foundry Co. v. Pence*, 403 F.2d 949, 954 (9th Cir.1968).

SDNY transferred the case to this District because a substantial part of Plaintiff's claims arose here and the Rendazza Defendants reside here.  Plaintiff seeks to transfer the case back to SDNY, claiming that certain key Defendants are New York residents.  Although SDNY arguably has subject matter jurisdiction and proper venue, the Court is persuaded that a significant portion of the occurrences giving rise to Plaintiff's claims were in Nevada.  Therefore, the Court finds Nevada is the proper venue and will decline to transfer the case back to SDNY.  Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Application to Proceed in Forma Pauperis (#1) is **denied** without prejudice.  Plaintiff either shall pay the $400.00 filing fee or file a proper Application within 30 days of the date of this Order.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to File Electronically (#3) is **granted**.  Plaintiff must comply with the following procedures to activate her CM/ECF account:

    a.    On or before **January 6, 2014**, Plaintiff must provide certification that she has completed the CM/ECF tutorial and is familiar with Electronic Filing Procedures, Best Practices, and the Civil & Criminal Events Menu that are accessible on this Court's website, www.nvd.uscourts.gov.

    b.    Plaintiff is not authorized to file electronically until said certification is filed with the Court within the time frame specified.

    c.    Upon timely filing of the certification, Plaintiff shall contact Robert Johnson at the CM/ECF Help Desk at (702) 464-5555 to set up a CM/ECF account.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Move Case Back to New York (#7) is **denied**.

DATED this 6th day of December, 2013.

_____
GEORGE FOLEY, JR.
United States Magistrate Judge